1
2
3
4
5
6
7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

| 11 | J.C. HARRISON, | CASE NO. 09-CV-1391 H (BLM) |

12                   Plaintiff,      **ORDER**

13                                   **(1) GRANTING IN PART
                                     DEFENDANT DEUTSCHE**
14                                   **BANK'S MOTION TO DISMISS
                                     [Doc. No. 8.]**
15        vs.
                                     **(2) GRANTING IN PART
16                                   DEFENDANT CORNISH'S
                                     MOTION TO DISMISS**
17                                   **[Doc. No. 10.]**

18                                   **(3) GRANTING PLAINTIFF'S
                                     MOTION FOR LEAVE TO FILE**
19        DOWNEY SAVINGS AND LOAN    **AMENDED COMPLAINT**
          ASSOCIATION, F.A., et al.  **[Doc. No. 12.]**
20
                          Defendant. **(4) DENYING AS MOOT
21                                   DEFENDANT MERCHANTS
                                     BONDING COMPANY'S**
22                                   **MOTION TO DISMISS
                                     [Doc. No. 17.]**
23

24        On July 2, 2009, Defendant Deutsche Bank filed a motion to dismiss Plaintiff's

25 Complaint. (Doc. No. 8.) On July 27, 2009, Plaintiff filed an opposition to Deutsche Bank's

26 motion to dismiss. (Doc. No. 19.) On August 3, 2009, Deutsche Bank filed a reply in support

27 of its motion to dismiss. (Doc. No. 24.)

28 / / /

09cv1391

On July 8, 2009, Defendant Chris Cornish filed a motion to dismiss and a motion to strike portions of the Complaint.  (Doc. No. 10.)  On July 27, 2009, Plaintiff filed oppositions to Defendant Cornish's motions.  (Doc. Nos. 20, 21.)  On August 3, 2009, Cornish filed a reply in support of his motion to dismiss and withdrew his motion to strike.  (Doc. Nos. 26, 27.)

The Court concludes that these matters are appropriate for resolution without oral argument and submits Deutsche Bank's and Cornish's motions to dismiss on the papers under Local Civil Rule 7.1(d)(1).  For the following reason, the Court grants in part Defendants' motions and dismisses Plaintiff's second cause of action against Deutsche Bank without prejudice, dismisses without prejudice Plaintiff's third cause of action against all Defendants, dismisses Plaintiff's fourth cause of action without prejudice against all Defendants, dismisses Plaintiff's fifth, sixth, seventh and eighth causes of action against all Defendants without prejudice, dismisses without prejudice Plaintiff's ninth cause of action as to Defendant Deutsche Bank, dismisses Plaintiff's eleventh cause of action without prejudice as to all Defendants, dismisses without prejudice Plaintiff's claim for statutory damages under TILA, dismisses without prejudice Plaintiff's thirteenth cause of action, dismisses without prejudice Plaintiff's fourteenth cause of action as to Defendant Deutsche Bank, and dismisses Plaintiff's fifteenth cause of action without prejudice as to all Defendants.  Plaintiff may file an amended complaint curing the highlighted deficiencies no later than **September 14, 2009**.

Because the Court grants leave to amend, the Court grants Plaintiff's motion to amend the Complaint (Doc. No. 12.) and denies as moot Defendant Merchant Bonding Company's motion to dismiss (Doc. No. 17.).

## **Background**

Plaintiff J.C. Harrison is the owner of real property located at 4626 Home Avenue, San Diego, California ("the Property").  (Compl. ¶ 18.)  In or around January 2006, Plaintiff obtained a loan to purchase the Property ("the Loan").  (Id.)  Plaintiff alleges that, as of February 2006, Plaintiff owed approximately $396,000 on the Loan to AmericaHomekey, Inc. (Id.)  According to the Complaint, in or around March 2006, the servicing of the Loan was transferred to Countrywide Home Loans.  (Compl. ¶ 19.)

In or around April 2006, Defendant Tyler Adams, an employee of Defendant Atvantage Group, Inc., allegedly contacted Plaintiff and offered to arrange a refinance of the Loan with Defendant Downey Savings and Loan under more favorable terms.  (Compl. ¶ 21.)  Plaintiff states that he was unable to respond to the offer at that time and no agreement was reached.  (Id.)  The Complaint alleges that, on or about May 25, 2006, while Plaintiff was out of town, Defendant Adams forged Plaintiff's signature on loan documents outside of Plaintiff's presence and without his knowledge or consent.  (Compl. ¶ 22.)  Defendant Chris Cornish, a notary public, allegedly notarized the documents signed by Adams, knowing that Plaintiff had not signed the documents.  (Compl. ¶ 23.)  According to the Complaint, Defendants' actions led to the Loan being refinanced without his knowledge or authorization – and under significantly less favorable terms.  (Compl. ¶ 24.)

Plaintiff alleges that he became aware of the refinance after he returned home in June 2006 and a mortgage payment to Countrywide was returned.  (Compl. ¶ 25.)  The Complaint states that Plaintiff subsequently contacted Defendant Atvantage and spoke with Defendant Dan Holbrook.  (Compl. ¶ 26.)  Shortly thereafter, Defendant Cornish allegedly visited Plaintiff at his home and attempted to have Plaintiff sign his notary journal.  (Id.)  Plaintiff refused.  On a later visit, Defendant Cornish allegedly handed Plaintiff a letter from Cornish to Defendant Adams regarding the unauthorized refinance.  (Id.)  Plaintiff was unable to retain a copy of the letter.  (Id.)  At that time, Plaintiff alleges that he refused to sign an additional acknowledgment.  (Id.)  On a later date, Cornish allegedly visited Plaintiff yet again and stated that he had notarized documents outside of Plaintiff's presence because Defendant Adams was his friend.  (Id.)

After unsuccessful attempts to resolve the matter with Defendants Atvantage and Downey, Plaintiff filed his Complaint and commenced this action.  The Complaint alleges causes of action against Defendants for (1) official misconduct or neglect of a notary public in violation of California Government Code § 8214; (2) negligence; (3) breach of fiduciary duty; (4) aiding and abetting breach of fiduciary duty; (5) fraud; (6) constructive fraud; (7) fraudulent deceit; (8) aiding and abetting fraud; (9) financial elder abuse in violation of

1  California Welfare and Institutions Code § 15610.30; (10) aiding and abetting financial elder

2  abuse; (11) violation of RESPA; (12) violation of TILA; (13) violation of California Business

3  and Professions Code § 17200; (14) unjust enrichment; and (15) rescission or cancellation

4  under California Civil Code § 1689.  (Compl.)

5                                              **Discussion**

6  **I.      Motion to Dismiss – Legal Standard**

7          Federal Rule of Civil Procedure 8 requires a plaintiff to "plead a short and plain

8  statement of the elements of his or her claim, identifying the transaction or occurrence giving

9  rise to the claim and the elements of the prima facie case." <u>Bautista v. Los Angeles County</u>,

10  216 F.3d 837, 840 (9th Cir. 2000).  This statement must be sufficient to "give the defendant

11  fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley v.</u>

12  <u>Gibson</u>, 355 U.S. 41, 47 (1957).  Rule 12(b)(6) provides that a complaint may be dismissed for

13  "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  A

14  complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states

15  insufficient facts under a cognizable legal theory.  <u>Robertson v. Dean Witter Reynolds, Inc.</u>,

16  749 F.2d 530, 534 (9th Cir. 1984).

17          The Supreme Court holds that the factual allegations of a complaint must be "enough

18  to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.

19  Ct. 1955, 1965 (2007).  A plaintiff must plead more than conclusory allegations to show

20  "plausible liability" and avoid dismissal. <u>Id.</u> at 1966 n.5.  The Court has recently reiterated this

21  principle, stating that the pleading standard of Rule 8 "demands more than an unadorned, the-

22  defendant-unlawfully-harmed-me accusation" and a complaint does not suffice "if it tenders

23  'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct.

24  1937, 1949 (2009) (quoting <u>Twombly</u>, 127 S. Ct. at 1966).  The Court applies this standard to

25  Plaintiff's challenged allegations.

26          In general, the scope of review on a motion to dismiss for failure to state a claim is

27  limited to "allegations contained in the pleadings, exhibits attached to the complaint, and

28  / / /

matters properly subject to judicial notice." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007).

## II.      Plaintiff's Second Cause of Action for Negligence

Defendant Deutsche Bank moves to dismiss Plaintiff's second cause of action for failure to state a claim.  Plaintiff's negligence claim alleges that all Defendants "owed a duty to Mr. Harrison to exercise reasonable care with respect to the solicitation, negotiation, processing, preparing and finalization of the refinance loan agreement and related documents." (Compl. ¶ 43.)  Plaintiff alleges that Defendants breached that duty, resulting in harm.  (Compl. ¶¶ 44-50.)  This cause of action alleges specific conduct on the part of Defendants Cornish, Adams, Atvantage, and Holbrook.  (<u>Id.</u>)  However, the Complaint fails to allege any conduct by Defendant Deutsche Bank to support a claim of negligence.  In fact, Deutsche Bank is not mentioned anywhere in the text of the Complaint.

Therefore, Plaintiff's negligence claim does not provide Deutsche Bank with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley</u>, 355 U.S. at 47.  Even before <u>Twombly</u>, it was improper for a court to assume that a plaintiff could prove facts it had not alleged, or that a defendant had violated the law in ways that had not been alleged.  <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  Though negligence is a cognizable legal theory, Plaintiff's second cause of action states "insufficient facts" under that theory as to Defendant Deutsche Bank and cannot survive Defendant's motion to dismiss.  <u>Robertson</u>, 749 F.2d at 534.  Perhaps recognizing that fact, Plaintiff's opposition to Deutsche Bank's motion indicates that the second cause of action will be eliminated as to Deutsche Bank.  (Opp. to Deutsche Mot. at 3.)

Accordingly, the Court dismisses Plaintiff's second cause of action against Deutsche Bank without prejudice.

## III.     Plaintiff's Third Cause of Action for Breach of Fiduciary Duty

Plaintiff's third cause of action against all Defendants except Downey Savings alleges that Defendants owed a fiduciary duty to Plaintiff and breached that duty by failing to exercise reasonable care in soliciting, negotiating, preparing, approving, and finalizing the refinance

loan agreement.  (Compl. ¶¶ 52, 54.)  However, as in Plaintiff's second cause of action, the Complaint fails to allege any specific facts supporting a claim against Defendant Deutsche Bank.  Plaintiff's opposition states that his third cause of action will be eliminated as to Defendant Deutsche Bank.  (Opp. to Deutsche Mot. at 3.)  However, the Court concludes that Plaintiff has failed to sufficiently allege facts showing the existence of a fiduciary relationship between Plaintiff and any Defendant.

To state a claim for breach of fiduciary duty, "a plaintiff must demonstrate the existence of a fiduciary relationship, breach of that duty and damages."  <u>Shopoff & Cavallo LLP v. Hyon</u>, 85 Cal. Rptr.3d 268, 285 (Cal. Ct. App. 2008).  As a matter of law, the relationship between a lending institution and its borrower-client is not fiduciary in nature.  <u>Nymark v. Heart Fed. Savings & Loan Assn.</u>, 221 Cal. App.3d 1089, 1093 n.1 (1991); <u>see also</u> <u>Oaks Mgmt. Corp. v. Superior Court</u>, 51 Cal. Rptr. 3d 561, 570 (Cal. Ct. App. 2006) ("[A]bsent special circumstances not present here a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender.").  Here, Plaintiff's relationships with Defendants derived from a typical contractual loan and the Complaint makes no showing that this is an exceptional case justifying a deviation from the established rule.  Thus, under the facts as currently alleged, Plaintiff's third cause of action collapses into his negligence claim.

Accordingly, the Court dismisses without prejudice Plaintiff's third cause of action against all Defendants.

## IV.    Plaintiff's Fourth Cause of Action for Aiding & Abetting Breach of Fiduciary Duty

The Complaint alleges a fourth cause of action against Defendants Cornish, Holbrook, and Downey for aiding and abetting a breach of fiduciary duty.  Defendant Cornish moves for dismissal on the sole ground that "[t]here is no such cause of action."  (Cornish Mot. at 3.)  Defendant is incorrect.  California law does recognize a cause of action for aiding and abetting an intentional tort.  <u>See, e.g.</u>, <u>Saunders v. Superior Court</u>, 27 Cal. App. 4th 832, 846 (1994).  Under the appropriate standard, liability may be imposed on "one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a

breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." Id.  More recently, California courts have clarified that the aider and abettor need not owe an independent fiduciary duty to the victim in order to be held liable.  Casey v. U.S. Bank Nat'l Ass'n, 26 Cal. Rptr. 3d 401, 406 n.2 (Cal. Ct. App. 2005).

However, a defendant's liability under an aiding and abetting theory "is dependent upon the commission of an underlying tort."  Richard B. LeVine, Inc. v. Higashi, 32 Cal. Rptr. 3d 244, 249 (Cal. Ct. App. 2005).  Because the Court has dismissed Plaintiff's claim for breach of fiduciary duty, there is no underlying tort supporting Plaintiff's fourth cause of action.

Accordingly, the Court dismisses Plaintiff's fourth cause of action without prejudice.

## V.    Plaintiff's Fraud Causes of Action

Plaintiff's fifth, sixth, and seventh causes of action are against all Defendants for fraud, constructive fraud, and fraudulent deceit, respectively.  (Compl. ¶¶ 61-78.)  Plaintiff's eighth cause of action is against Defendants Cornish, Holbrook, and Downey for aiding and abetting fraud.  (Compl. ¶¶ 79-85.)

Under California law, the elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage.  In re Estate of Young, 160 Cal. App. 4th 62, 79 (Cal. Ct. App. 2008).  Federal Rule of Civil Procedure 9(b) requires that a claim of fraud "be stated with particularity."  Fed. R. Civ. P. 9(b).  Beyond requiring allegations of the necessary elements, the Ninth Circuit has interpreted Rule 9(b) "to mean that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988).

As an initial matter, the Court notes that the Complaint alleges no specific facts showing that Defendant Deutsche Bank is liable to Plaintiff for fraud.  In fact, Plaintiff's fraud causes of action make no mention of Deutsche Bank.  Therefore, these claims are insufficient to give

1  Deutsche Bank "fair notice of what the plaintiff's claim is and the grounds upon which it
2  rests." Conley, 355 U.S. at 47.  This is especially true given the heightened pleading standards
3  required for fraud.  Plaintiff states in his opposition that claims five, six, and seven will be
4  eliminated as to Defendant Deutsche Bank.  (Opp. to Deutsche Mot. at 3.)

5          However, the Court concludes that Plaintiff's fraud claims, as written, are insufficient
6  as to all Defendants.  Plaintiff's Complaint does not plead facts satisfying the fourth and fifth
7  elements of the cause of action – reliance and damage.  To state a viable claim for fraud, "it
8  is not enough to claim a fraudulent act."  Panoutsopoulos v. Chambliss, 68 Cal. Rptr. 3d 647,
9  655 (Cal. Ct. App. 2007).  Beyond that, the plaintiff must show that the fraudulent act caused
10  harm through reliance.  Id.  This causation aspect involves three elements: "(1) actual reliance,
11  (2) damage resulting from such reliance, and (3) right to rely or justifiable reliance."  Id.
12  (quotation omitted).  Here, the Complaint alleges that Defendant Adams intended to deceive
13  Plaintiff from the initial contact and that he forged Plaintiff's signature on loan documents.
14  (Compl. ¶ 62.)  Defendant Cornish is alleged to have falsely acknowledged Plaintiff's
15  signature knowing it to be a forgery.  (Id.)  Cornish then allegedly attempted to deceive
16  Plaintiff into signing his notary journal without advising him of the consequences.  (Id.)
17  However, the Complaint does not show that Plaintiff relied on any misrepresentation or
18  omission.  Plaintiff states that he never came to an agreement with Defendant Adams and did
19  not "consent to or otherwise give Defendant Adams any other express or implied authority to
20  speak or act on [his] behalf."  (Compl. ¶ 21.)  Plaintiff also refused to sign Cornish's notary
21  journal or any other acknowledgment.  (Compl. ¶ 26.)  Moreover, while Plaintiff alleges that
22  he was harmed by Defendant's dishonest actions, that harm was not a result of any justifiable
23  reliance but of the actions themselves.  Plaintiff's fraud claim fails to adequately plead the
24  causation elements under Panoutsopoulos.  68 Cal. Rptr. 3d at 655.

25          Similarly, under California statute, a finding of constructive fraud "requires a showing
26  that the plaintiff was misled to his or her prejudice."  Tyler v. Children's Home Society, 35
27  Cal. Rptr. 2d 291, 313 (Cal. Ct. App. 1994); Cal. Civ. Code § 1573.  Here, Plaintiff has made
28  no such showing, rendering the claim deficient.

1    A claim for fraudulent deceit, as asserted in Plaintiff's seventh cause of action, also

2    requires that the plaintiff be deceived into altering his position to his injury or risk.  Cal. Civ.

3    Code § 1709.  Again, the Complaint does not allege facts showing that Plaintiff was deceived

4    or that he altered his position in a way that caused him harm.

5    Because Plaintiff has failed to adequately allege reliance and damages, the Court

6    dismisses his fifth, sixth, and seventh causes of action against all Defendants without prejudice.

7    Plaintiff's eighth cause of action, for aiding and abetting fraud, must also be dismissed without

8    prejudice, because liability under an aiding and abetting theory "is dependent upon the

9    commission of an underlying tort."  Richard B. LeVine, Inc. v. Higashi, 32 Cal. Rptr. 3d 244,

10   249 (Cal. Ct. App. 2005).

11   **VI.    Plaintiff's Causes of Action for Financial Elder Abuse**

12   Plaintiff's ninth cause of action alleges that all Defendants violated California Welfare

13   and Institutions Code § 15610.30. (Compl. ¶¶ 86-90.)  That statute imposes liability on anyone

14   who "[t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder or

15   dependent adult for a wrongful use or with intent to defraud, or both" or who assists in such

16   action.   Cal. Welf. & Inst. Code § 15610.30.   The statute provides for recovery of

17   compensatory damages as well as attorney fees and costs. Cal. Welf. & Inst. Code § 15657.5.

18   Defendant Cornish moves to dismiss Plaintiff's ninth cause of action arguing that it

19   lacks an adequate factual basis. The Court disagrees.  The Complaint alleges that Plaintiff was

20   born in 1940 and is therefore an "elder" as defined by Section 15610.27. (Compl. ¶¶ 5, 87.)

21   The facts alleged throughout the Complaint and in the ninth cause of action suggest that

22   Defendant Cornish knowingly notarized fraudulent loan documents then attempted to cover

23   that act by persuading Plaintiff to sign his journal or another acknowledgment. (Compl. ¶ 62.)

24   Plaintiff alleges that, as a result of Defendants' wrongful actions, the Loan was refinanced

25   without Plaintiff's knowledge or consent and Plaintiff lost equity in his home. (Compl. ¶¶ 88,

26   89.)  The Complaint specifically alleges that Defendants obtained various amounts of money

27   through the refinance. (Compl. ¶ 30.)  The Court concludes that Plaintiff has adequately pled

28   facts plausibly showing that Cornish is liable under Section 15610.30(a)(2) for his assistance

1  in the alleged scheme.

2       However, Plaintiff's Complaint alleges no specific conduct by Defendant Deutsche

3  Bank.  Therefore, the Complaint fails to allege "sufficient facts" showing that Deutsche Bank

4  is liable for financial elder abuse.  <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534

5  (9th Cir. 1984).  Accordingly, the Court dismisses without prejudice Plaintiff's ninth cause of

6  action as to Defendant Deutsche Bank.

7       Plaintiff's tenth cause of action is against Defendants Cornish, Holbrook, and Downey

8  Savings for aiding and abetting financial elder abuse.  Defendant Cornish moves to dismiss this

9  claim, arguing that it lacks a legal basis.  (Cornish Mot. at 12.)  However, California law does

10 recognize a cause of action for aiding and abetting an intentional tort.  <u>See, e.g.</u>, <u>Saunders v.</u>

11 <u>Superior Court</u>, 27 Cal. App. 4th 832, 846 (1994).  In fact, the elder abuse statute provides

12 direct liability for one who "assists" in financial elder abuse.  Cal. Welf. & Inst. Code. §

13 15610.30(a)(2).  The Court declines to dismiss the tenth cause of action against Cornish.

14 **VII.  Plaintiff's Cause of Action for Violation of RESPA**

15      Plaintiff's eleventh cause of action alleges that Defendants violated the Real Estate

16 Settlement Procedures Act, 12 U.S.C. § 2601 et seq.  (Compl. ¶¶ 95-101.)  Specifically,

17 Defendant alleges that Atvantage accepted a yield spread premium of $8,370 that constituted

18 an unlawful kickback or unearned fee under Section 2607.  (Compl. ¶ 98.)  Plaintiff alleges

19 that Defendant Downey is liable under RESPA because it knew that Atvantage did not earn

20 the yield spread premium.  (Compl. ¶ 99.)  However, Plaintiff's Complaint alleges no specific

21 facts showing that Defendant Deutsche Bank is plausibly liable for any violation of RESPA.

22 Plaintiff's opposition states that he plans to withdraw his eleventh cause of action as to

23 Defendant Deutsche Bank.  (Opp. to Deutsche Mot. at 8.)  Accordingly, the Court dismisses

24 without prejudice Plaintiff's eleventh cause of action against Defendant Deutsche Bank.

25      Plaintiff further alleges that Defendant Cornish "violated RESPA by charging an

26 excessive and unearned notary fee."  (Compl. ¶ 99.)  Defendant Cornish moves to dismiss this

27 cause of action on the sole ground that it is barred by RESPA's statute of limitations.  RESPA

28 provides that any action under Section 2607 of the statute must be brought within one year

1  from the date of the occurrence of the violation.  12 U.S.C. § 2614.  Here, Plaintiff filed his
2  Complaint on April 7, 2009, more than two years after he allegedly discovered the
3  unauthorized refinance in June 2006.  (Compl. ¶ 25.)

4        Plaintiff argues that he is entitled to equitable tolling because he relied on Defendant
5  Holbrook's statement that the situation would be "cleared up."  (Opp. to Cornish Mot. at 13-
6  14; Compl. ¶ 26.)  Equitable tolling "focuses on whether there was an excusable delay by the
7  plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim
8  within the limitations period, then equitable tolling will serve to extend the statute of
9  limitations for filing suit until the plaintiff can gather what information he needs."  Lukovsky
10  v. City & County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008).  Here, Plaintiff's
11  Complaint alleges that he became aware of the unauthorized refinance in June 2006.  The
12  Court concludes that a reasonable plaintiff would have known of the existence of a possible
13  claim at that point.  Therefore, based on Plaintiff's alleged facts, equitable tolling is
14  unavailable on this claim.

15        Plaintiff's reliance argument actually falls under the doctrine of equitable estoppel.
16  Equitable estoppel "focuses primarily on actions taken by the defendant to prevent a plaintiff
17  from filing suit."  Lukovsky, 535 F.3d at 1051.

18        A finding of equitable estoppel rests on the consideration of a non-exhaustive
19        list of factors, including: (1) the plaintiff's actual and reasonable reliance on the
20        defendant's conduct or representations, (2) evidence of improper purpose on the
21        part of the defendant, or of the defendant's actual or constructive knowledge of
22        the deceptive nature of its conduct, and (3) the extent to which the purposes of
23        the limitations period have been satisfied.

24  O'Donnell v. Vencor Inc., 466 F.3d 1104, 1111 (9th Cir. 2006).  Here, Plaintiff pleads
25  insufficient facts as to actual and reasonable reliance on Defendant Holbrook's statement.  For
26  example, the Complaint does not specify when this statement was made.  If it was made around
27  June 2006, and there were no subsequent assurances from Defendants, it will be difficult for
28  Plaintiff to argue that his failure to file suit until April 2009 was reasonable.

1      Accordingly, because Plaintiff has not pled sufficient facts to support his equitable

2  estoppel argument, the Court dismisses Plaintiff's eleventh cause of action without prejudice

3  as to all Defendants.

4  **VIII.  Plaintiff's Claim for Violation of TILA**

5      Plaintiff's twelfth cause of action alleges that Defendants violated the Truth in Lending

6  Act ("TILA") and the Home Ownership and Equity Protection Act ("HOEPA") by failing to

7  provide Plaintiff with required notices and disclosures.  (Compl. ¶¶ 102-09.)  Section 1635

8  requires creditors to provide obligors with notice of their right to rescind consumer credit

9  transactions.  15 U.S.C. § 1635(a).

10      Defendant Deutsche Bank argues that it cannot be held liable for this violation because

11  it did not originate the loan.  (Deutsche Mot. at 11.)  However, TILA provides for assignee

12  liability in a case where "the violation for which such action or proceeding is brought is

13  apparent on the face of the disclosure statement."  15 U.S.C. § 1641(a).  That section also

14  provides that "[a]ny consumer who has the right to rescind a transaction under section 1635

15  of this title may rescind the transaction as against any assignee of the obligation."  15 U.S.C.

16  § 1641(c).  Accordingly, the Court declines to dismiss Plaintiff's TILA claim on this ground.

17      Defendants next argue that this claim is time barred under the statute of limitations,

18  which provides that any action must be brought within one year from the date of the

19  occurrence of the violation.  15 U.S.C. § 1640(e).  This limitations period "runs from the date

20  of consummation of the transaction but that the doctrine of equitable tolling may, in the

21  appropriate circumstances, suspend the limitations period until the borrower discovers or had

22  reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA

23  action."  King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986).  District courts may

24  "evaluate specific claims of fraudulent concealment and equitable tolling to determine if the

25  general rule would be unjust or frustrate the purpose of the Act and adjust the limitations

26  period accordingly."  Id.  In this case, Plaintiff's Complaint was filed in April 2009, more than

27  two years after the loan was consummated.  Plaintiff argues for equitable tolling and equitable

28  estoppel, but pleads insufficient facts showing a lack of knowledge of the nondisclosure or

1  reasonable reliance.  Accordingly, the Court dismisses without prejudice Plaintiff's claim for
2  statutory damages under TILA.[1]

3  **IX.    Plaintiff's Claim for Statutory Unfair Competition**

4          Plaintiff's thirteenth cause of action alleges that Defendants violated California
5  Business and Professions Code § 17200.  (Compl. ¶¶ 110-15.)  Defendants argue that this
6  claim is federally preempted.  (Deutsche Mot. at 12; Cornish Mot. at 14.)  Plaintiff's
7  opposition indicates his intention to withdraw this claim against all Defendants.  Accordingly,
8  the Court dismisses without prejudice Plaintiff's thirteenth cause of action.

9  **X.    Plaintiff's Claim of Unjust Enrichment**

10         Plaintiff's fourteenth cause of action alleges that Defendants have been unjustly
11  enriched at the expense of the Plaintiff.  Defendant Deutsche Bank argues that this claim is
12  improper.  As to that Defendant, the Court agrees.  Under California law, the elements of an
13  unjust enrichment claim are (1) the receipt of a benefit and (2) the unjust retention of the
14  benefit at the expense of another.  Peterson v. Cellco P'ship, 80 Cal. Rptr. 3d 316, 323 (Cal.
15  Ct. App. 2008).  Plaintiff's Complaint alleges that certain Defendants wrongfully obtained
16  specific amounts of money from Plaintiff.  (Compl. ¶¶ 29, 30.)  The Complaint fails to allege
17  any specific benefit received by Deutsche Bank or that Deutsche Bank improperly retained that
18  benefit.  Accordingly, this claim pleads insufficient facts against that Defendant.  The Court
19  dismisses without prejudice Plaintiff's fourteenth cause of action as to Defendant Deutsche
20  Bank.

21  **XI.    Plaintiff's Claim for Rescission Under California Civil Code § 1689**

22         Plaintiff's fifteenth cause of action requests rescission of the loan under California Civil
23  Code § 1689, which provides that a party to a contract may rescind "[i]f the consent of the
24  party rescinding . . . was given by mistake, or obtained through duress, menace, fraud, or
25  undue influence, exercised by or with the connivance of the party as to whom he rescinds, or
26  of any other party to the contract jointly interested with such party," or under any other statute

27  ───────────────
28         [1]  Unlike Plaintiff's damages claim, any right to rescission under Section 1635 has a
     three-year limitations period.  Beach v. Ocwen Federal Bank, 523 U.S. 410, 415-18 (1998).
     Therefore, te rescission claim is not time barred.

1    allowing rescission.  Cal. Civ. Code § 1689(b).

2         Defendant Cornish moves to dismiss this claim on the grounds that he is not Plaintiff's

3    creditor and there is no contract between them to rescind.  The Court agrees and Plaintiff does

4    not oppose dismissal of this action against Mr. Cornish.  Accordingly, the Court dismisses

5    Plaintiff's fifteenth cause of action as to Defendant Cornish.

6         Moreover, the Court concludes that Plaintiff has not pled facts supporting a claim of

7    rescission under this statute.  Plaintiff argues that his "consent was given by fraud, through the

8    forging of his signature on the loan documents." (Opp. to Deutsche Mot. at 10.)  However, the

9    Complaint consistently alleges that Plaintiff gave no consent for the refinance.  As a result,

10   Plaintiff's allegations go to the existence of a valid contract, not his right to rescission under

11   Section 1689.  Accordingly, the Court dismisses Plaintiff's fifteenth cause of action without

12   prejudice as to all Defendants.

13                                **Conclusion**

14        Accordingly, the Court dismisses Plaintiff's second cause of action against Deutsche

15   Bank without prejudice, dismisses without prejudice Plaintiff's third cause of action against

16   all Defendants, dismisses Plaintiff's fourth cause of action without prejudice against all

17   Defendants, dismisses Plaintiff's fifth, sixth, seventh and eighth causes of action against all

18   Defendants without prejudice, dismisses without prejudice Plaintiff's ninth cause of action as

19   to Defendant Deutsche Bank, dismisses Plaintiff's eleventh cause of action without prejudice

20   as to all Defendants, dismisses without prejudice Plaintiff's claim for statutory damages under

21   TILA, dismisses without prejudice Plaintiff's thirteenth cause of action, dismisses without

22   prejudice Plaintiff's fourteenth cause of action as to Defendant Deutsche Bank, and dismisses

23   Plaintiff's fifteenth cause of action without prejudice as to all Defendants.  Plaintiff may file

24   an amended complaint curing the highlighted deficiencies no later than **September 14, 2009**.

25   / / /

26   / / /

27   / / /

28   / / /

1    Because the Court grants leave to amend, the Court grants Plaintiff's motion to amend

2    the Complaint (Doc. No. 12.) and denies as moot Defendant Merchant Bonding Company's

3    motion to dismiss (Doc. No. 17.).

4    IT IS SO ORDERED.

5    DATED: August 14, 2009

6

7                                                   MARILYN L. HUFF, District Judge
                                                    UNITED STATES DISTRICT COURT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09cv1391